AO 93 (Rev. 11/13) Search and Seizure Warrant

FILED
Clerk
District Court

APR 1 2 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
for the
District of Northern Mariana Islands

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
MARIANAS ENTERPRISES LIMITED ("MEL") office, )
located on the second floor of the Flame Tree Terrace )
Office along Isa Drive, Sadog Tasi, Saipan )

Case No. MC 17-00014

FILED
Clerk
District Court
JAN 12 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _the Northern Mariana Islands_
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A, which is fully incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of Bringing in and Harboring Certain Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and Unlawful Employment of Aliens, in violation of 8 U.S.C. § 1324a. See ATTACHMENT B, which is fully incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before _20 APRIL 2017_ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _HEATHER L. KENNEDY_ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _April 6, 2017 5:02 pm_

_____
Judge's signature

City and state: Saipan, CNMI

Ramona V. Manglona, Chief Judge
*Printed name and title*

## ATTACHMENT A - PROPERTY TO BE SEARCHED

The property to be searched is specifically identified as the MARIANAS ENTERPRISES LIMITED (MEL) office known to be located on the 2nd floor of the Flame Tree Terrace Office building along Isa Drive, Sadog Tasi, Saipan. The building is a two-story, white-colored concrete structure with dark red trim. The entrance door is to the rear (eastern) side of the building, and leads to a staircase up to the MEL office.





## ATTACHMENT B - ITEMS TO BE SEIZED

All records relating to violations of 8 U.S.C. § 1324a, Unlawful Employment of Aliens, and 8 U.S.C. § 1324(a)(1)(A)(iii), Bringing In and Harboring Certain Aliens, specifically those violations involving Yuanyou HU, Xiufang QI, Wencai GUO, any other past or present employees of MEL, or any other business operating under MEL, including, but not limited to:

1. Books, records, receipts, ledgers, invoices, contracts, bank statements, money drafts, letters of credit, money orders, cashier checks, bank checks, bank receipts, diaries, notes, correspondence, cash receipts, disbursement journals and spreadsheets, and other documentary records evidencing the harboring, concealment, or employment of illegal aliens;

2. Papers, tickets, notes, receipts, itineraries, passports, identification cards, and copies of aforementioned documents relating to interstate or foreign travel of Yuanyou HU, Xiufang QI, Wencai GUO, or any other foreign national from the PRC relating to the harboring, concealment, or employment of illegal aliens;

3. Address, telephone, or contact information books, and any documents reflecting names, addresses, and/or telephone numbers of past or present employees, business associates, and/or clients;

4. Papers, documents, or other records indicating MEL's business relationship or association to any other businesses or corporations in the CNMI or elsewhere, as they relate to the possible harboring, concealment, or employment of illegal aliens;

5. Employee listings, charts, spreadsheets, ledgers, books, payroll records, payment ledgers, or other records identifying any employee of MEL as relates to the harboring, concealment, or employment of illegal aliens;

6. Records and information relating to immigration documents, specifically any I-129CW petition packets and all supporting documents or information submitted by MEL on behalf of any CW-1 beneficiaries;

7. Indicia of occupancy, residence, and/or ownership of the premises described in Attachment A, including but not limited to utility and telephone bills, canceled envelopes, lease agreements, mortgage records, deeds and titles, registrations, and loan records;

8. Documents, notes, correspondence, communications, and any other papers associated with the ownership, transfer, sale, disposal, or concealment of any asset that relates to a scheme to harbor, conceal, or employ illegal aliens, including but not limited to those in the name of, associated with, of interest to, or under the apparent control of MEL and its officers or employees;

9. United States currency, securities, precious metals, jewelry, automobile titles, financial instruments including stocks and bonds in amounts indicative of the proceeds of harboring, concealing, or employing illegal aliens, and other items of value and/or proceeds of such related activities, as well as access to any locked safes or locked storage containers on the premises and curtilage;

10. Correspondence and relationship records including (but not limited to) letters, faxes, emails, mail, memorandums, invoices, contracts, local and long distance phone records, address books, business cards, and photographs;

11. Fax, typewriter ribbons, correction tapes, printer and copier toner cartridges, and hard drives of copy machines;

12. Any illegal aliens encountered at the location during execution of the search warrant; and

13. Passports, travel documents, or identification of any foreign nationals found during the search which indicate the bearer to be unlawfully present in the U.S. by that date, or which does not bear any indicia of current or valid U.S. immigration status.

For any computer, electronic computing device, or storage medium whose seizure is otherwise authorized by this warrant, and any computer, electronic computing device, or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter "COMPUTER" and "DEVICE"):

1. Evidence of who used, owned, or controlled the COMPUTER or DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat" or other instant messaging logs, photographs, and correspondence;

2. Evidence of software that would allow others to control the COMPUTER or DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

3. Evidence of the lack of such malicious software;

4. Evidence of the attachment to the COMPUTER or DEVICE of other storage devices or similar containers for electronic evidence;

5. Evidence of counter-forensic programs, and associated data, that are designed to eliminate data from the COMPUTER or DEVICE;

6. Evidence of the dates, times, and duration the COMPUTER or DEVICE was used;

7. Passwords, encryption codes or keys, and other access devices that may be necessary to access the COMPUTER or DEVICE;

8. Documentation and manuals that may be necessary to access the COMPUTER or DEVICE, or to conduct a forensic examination of the COMPUTER or DEVICE;

9. Records of or information about Internet Protocol addresses used or accessed by the COMPUTER or DEVICE;

10. Records of or information about the COMPUTER or DEVICE's Internet access and activity, including firewall logs, caches, browser history and cookies; "bookmarked" or saved web pages, search terms that a user entered into any Internet search engine, and records of any user-inputted web addresses; and

11. Contextual information necessary to understand the evidence described in this attachment.

As used above:

1. The terms "records" and "information" includes all forms of creation or storage, including any form of computer, electronic computing device, or electronic storage (such as hard disk drives or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies);

2. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, laptop computers, tablets, mobile phones, server computers, and network hardware; and

3. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>MC-17-00014 | Date and time warrant executed:<br>04/07/2017 9:00 am | Copy of warrant and inventory left with:<br>J▊▊. F▊▊ / Atty. Michael Dotts |
| Inventory made in the presence of:<br>J▊▊ F▊▊ (witnessed by HSI Special Agent Erwin Fejeran) |||
| Inventory of the property taken and name of any person(s) seized:<br><br>A)  Computers / laptops - 28ea<br>B)  USB drives - 9ea<br>C)  Locked safe - 1ea (remitted same day 04/07/2017)<br>D)  CW-1 and immigration-related documents<br>E)  Employment records<br>F)  Business/corporation records<br>G)  Employee/workforce listings<br>H)  Handwritten notes<br>I)  Bound notebooks<br>J)  Negotiated checks/copies of checks/check stubs<br>K)  Copies of foreign passports<br>L)  Payroll records/salary spreadsheets<br>M)  Applicant resumes<br>N)  Labor certifications<br>O)  Travel records/documents<br>P)  Documents in foreign languge<br>Q)  Tax-related documents<br>R)  Contracts and vendor records<br>S)  Correspondence/memos<br>T)  Visa forms<br>U)  Employee files<br>V)  Service agreements<br>W)  Bank statements/other related documents<br>X)  Security reports<br>***************************************************NONE FOLLOWS*********************************************************** |||

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date:   04/10/2017<br><br>*Executing officer's signature*<br><br>Michael D. Lansangan, Special Agent, HSI<br>*Printed name and title* |